# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> KYOCERA CORPORATION, <br> KYOCERA COMMUNICATIONS, INC., <br> KYOCERA INTERNATIONAL, INC., <br> KYOCERA AMERICA, INC., and <br> CELLCO PARTNERSHIP *d/b/a* <br> VERIZON WIRELESS, <br><br> Defendants. | Civil Action No. 6:13-cv-854 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, Kyocera Corporation, Kyocera Communications, Inc., Kyocera International, Inc., and Kyocera America, Inc., (collectively "KYOCERA"), and Cellco Partnership *d/b/a* Verizon Wireless ("VERIZON") (collectively "defendants"), as follows:

### THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business in the Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Kyocera Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 612-8501, Japan.

1

3. On information and belief, Kyocera Communications Inc. is a Delaware corporation with its principal place of business at 9520 Towne Centre Drive, San Diego, California 91923. Kyocera Communications, Inc. can be served with process through its agent Corporation Services Company *d/b/a* CSC- Lawyers Incorporating Service, 211 East 7th Street, Suite. 620, Austin, Texas 78701.

4. On information and belief, Kyocera International, Inc. is a California corporation with its principal place of business at 8611 Balboa Avenue, San Diego, California 92123. Kyocera International, Inc. can be served with process through its agent CSC Lawyers Incorporating Service, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, California 95833.

5. On information and belief, Kyocera America, Inc. is a California corporation with its principal place of business at 8611 Balboa Avenue, San Diego, California 92123. Kyocera America, Inc. can be served with process through its agent CSC Lawyers Incorporating Service, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, California 95833.

6. On information and belief, Verizon is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and does business throughout this judicial district and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Verizon's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Alternatively, Verizon may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Verizon at its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 – Return Receipt Requested.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b, c) and 1400(b). because, among other reasons, defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this Districts. For example, defendants have used, sold, offered for sale, and/or imported infringing products in this District.

9. On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

10. On information and belief, defendants have conducted and do conduct business within this District, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the '212 Patent and the '748 Patent, *infra*. (the "Asserted Patents").

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

11. ADAPTIX incorporates paragraphs 1 through 8 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq.*

13. ADAPTIX is the owner by assignment of United States patent number 7,454,212, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '212 patent") with ownership of all substantial rights in the '212 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '212 patent is attached as Exhibit A.

14. The '212 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15. ADAPTIX has been damaged as a result of KYOCERA and VERIZON's infringing conduct described in this Count. KYOCERA and VERIZON are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

16. On information and belief, KYOCERA has and continues to directly infringe at least one claim of the '212 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the smartphones sold to VERIZON and others; the KYOCERA Hydro Elite smartphone sold to VERIZON and others, which, at a minimum, directly infringe the '212 patent; KYOCERA is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C.

§ 271. KYOCERA's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until KYOCERA is enjoined.

17.     On information and belief, VERIZON has and continues to directly infringe at least one claim of the '212 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone, which, at a minimum, directly infringe the '212 patent. VERIZON is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271. VERIZON's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until VERIZON is enjoined.

18.     Based upon information set forth in the preceding two paragraphs, on information and belief both KYOCERA and VERIZON have and continue to directly and jointly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone, which, at a minimum, directly infringe the '212 patent. Thereby, KYOCERA and VERIZON are jointly liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a). KYOCERA's and VERIZON's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until KYOCERA and VERIZON are enjoined.

**(Indirect Infringement- Inducement)**

19.     Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that KYOCERA has and

continues to indirectly infringe one or more claims of the '212 patent, including at least claim 1 by, among other things, making, selling, testing, and/or importing the KYOCERA Hydro Elite smartphone, and/or advertising the LTE capability of the above mentioned devices. VERIZON's and/or KYOCERA's end users who purchase systems and components thereof and operate such systems and components in accordance with KYOCERA's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b). KYOCERA's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until KYOCERA is enjoined. KYOCERA is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

20. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that VERIZON has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 1 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the KYOCERA Hydro Elite smartphone. VERIZON's customers who purchase systems and components thereof and operate such systems and components in accordance with VERIZON's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b). VERIZON's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until VERIZON is enjoined. VERIZON is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

21. On information and belief, Defendants have been on notice of the '212 patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX

will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

22. On information and belief, since Defendants have been on notice of the '212 patent since at least service of this action, Defendants have been knowingly inducing infringement of the '212 patent, including at least claim 1 of the '212 patent, and possessing specific intent to encourage others' infringement.

23. On information and belief, since Defendants have been on notice of the '212 patent since at least service of this action, Defendants knew or should have known that their actions would induce actual infringement of the '212 patent, including at least claim 1 of the '212 patent.

24. Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '212 patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement- Contributory)**

25. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that KYOCERA has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 18 by, among other things, contributing to the direct infringement of others, including entities such as VERIZON and end users of KYOCERA's computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 18, in violation of 35 U.S.C. § 271(c).

24. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that VERIZON has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 18 by, among other things, contributing to the direct infringement of others, including entities such as customers of VERIZON's computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone, through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 18, in violation of 35 U.S.C. § 271(c).

25. Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

26. On information and belief, Defendants have been on notice of the '212 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '212 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

27. Since Defendants have been on notice of the '212 patent since at least service

of this action, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '212 patent, are especially made or especially adapted for use in infringement of the '212 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

28. By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe the '212 patent and written identification of exemplar products that infringe one or more claims of the '212 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '212 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

29. ADAPTIX incorporates paragraphs 1 through 28 herein by reference.

30. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

31. ADAPTIX is the owner by assignment of United States Patent No. 6,947,748 entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 patent") with ownership of all substantial rights in the '748 patent, including the right to exclude others and to sue and recover damages for the

past and future infringement thereof. A true and correct copy of the '748 patent is attached as Exhibit B.

32. The '748 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33. ADAPTIX has been damaged as a result of KYOCERA's and VERIZON's infringing conduct described in this Count. KYOCERA and VERIZON are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

34. On information and belief, KYOCERA has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 6 and 8 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone and others which, at a minimum, directly infringe the '748 patent. KYOCERA is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). KYOCERA's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until KYOCERA is enjoined. KYOCERA is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

35. On information and belief, VERIZON has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using,

offering for sale, selling and/or importing computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone which, at a minimum, directly infringe the '748 patent. VERIZON is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). VERIZON's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until VERIZON is enjoined. VERIZON is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

36. Based upon information set forth in the preceding two paragraphs, on information and belief both KYOCERA and VERIZON have and continue to directly and jointly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the KYOCERA Hydro Elite smartphone which, at a minimum, directly infringe the '748 patent. Thereby, KYOCERA and VERIZON are jointly liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). KYOCERA's and VERIZON's joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until KYOCERA and VERIZON are enjoined.

**(Indirect Infringement - Inducement)**

37. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that KYOCERA has and continues to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, making, selling, testing, and/or importing the KYOCERA Torque

smartphone, and/or advertising the LTE capability of the KYOCERA Hydro Elite smartphone which, at a minimum, directly infringe the '748 patent. KYOCERA's end users who purchase systems and components thereof and operate such systems and components in accordance with KYOCERA's instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b). KYOCERA's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until KYOCERA is enjoined. KYOCERA is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

38. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that VERIZON has and continues to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the KYOCERA Hydro Elite smartphone which, at a minimum, directly infringe the '748 patent. VERIZON's customers who purchase systems and components thereof and operate such systems and components in accordance with VERIZON's instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b). VERIZON's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until VERIZON is enjoined. VERIZON is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

39. On information and belief, Defendants have been on notice of the '748 patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

40. On information and belief, since Defendants have been on notice of the '748 patent since at least service of this action, Defendants have been knowingly inducing infringement of the '748 patent, including at least claim 19 of the '748 patent, while also possessing the specific intent to encourage others' infringement.

41. On information and belief, since Defendants have been on notice of the '748 patent since at least service of this action, Defendants knew or should have known that their actions would induce actual infringement of the '748 patent.

42. Defendants have not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '748 patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement - Contributory)**

43. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that KYOCERA has and continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 by, among other things, contributing to the direct infringement of others, including entities such as VERIZON and end users of KYOCERA's computerized communications devices, including without limitation the KYOCERA Hydro Elite smartphone, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19, in violation of 35 U.S.C. § 271(c).

44. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that VERIZON has and

continues to indirectly infringe one or more claims of the '748 patent, including at least claims 19 by, among other things, contributing to the direct infringement of others, including entities such as customers of VERIZON's computerized communications devices, including without limitation the KYOCERA Hydro Elite smartphone, through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claims 19, in violation of 35 U.S.C. § 271(c).

45. Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

46. On information and belief, Defendants have been on notice of the '748 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '748 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

47. Since Defendants have been on notice of the '748 patent since at least service of this action, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted

material components of the inventions claimed in the '748 patent, are especially made or especially adapted for use in infringement of the '748 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

48. By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily infringe the '748 patent and written identification of exemplar products that infringe one or more claims of the '748 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '748 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that each defendant has infringed the '212 and '748 patents, directly and indirectly, as aforesaid;

B. A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct and/or indirect infringement

of the '212 and '748 patents pursuant to 35 U.S.C. § 283;

      C.    An order requiring each defendant to pay ADAPTIX its damages with pre- and post-judgment interest and costs thereon pursuant to 35 U.S.C. § 284;

      D.    A determination that this case is exceptional pursuant to 35 U.S.C. § 285; and

      E.    Any and all further relief to which the Court may deem ADAPTIX is entitled.

Date: November 1, 2013        **ADAPTIX, INC.**

By: */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Samiyah Diaz
Steven E. Lipman
**HAYES, MESSINA, GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (978) 809-3850
Fax: (617) 443-1999
Email: phayes@hayesmessina.com
Email: sdiaz@hayesmessina.com
Email: slipman@ hayesmessina.com

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**